NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor,

Petitioner - Appellee,

v.

AMAZON.COM SERVICES, LLC,

Respondent - Appellant.

No. 24-3260

D.C. No.
2:24-cv-00270-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted August 12, 2025[**]
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

The Labor-Management Reporting and Disclosure Act ("LMRDA"), 29

U.S.C. § 401 *et seq.*, requires that an employer periodically report, among other

things, "any payment (including reimbursed expenses) to any of [its] employees

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concluded this case was suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

. . . for the purpose of causing such employee" to lobby against unionization and "any expenditure . . . where an objective thereof, directly or indirectly, is to interfere with, restrain, or coerce employees in the exercise of the right to organize and bargain collectively." 29 U.S.C. § 433(a)(2)–(3). These reporting requirements are subject to certain exceptions. *See id.* § 433(e). The Office of Labor-Management Standards ("OLMS"), within the Department of Labor, has the authority to investigate potential violations of these reporting requirements, including the power to issue subpoenas. *See* 29 U.S.C. § 521(a)–(b).

Amazon appeals a district court order granting a request to enforce an administrative subpoena by OLMS. The subpoena sought information about travel reimbursements paid to certain Amazon supervisors who were sent to Amazon facilities to dissuade the employees there from unionizing. Through the subpoena, OLMS sought to determine whether Amazon violated the LMRDA by failing to report these payments.

"The scope of the judicial inquiry in an . . . agency subpoena enforcement proceeding is quite narrow." *United States v. Exxon Mobil Corp.*, 943 F.3d 1283, 1287 (9th Cir. 2019) (quoting *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009)). "As long as the evidence [sought] is relevant, material, and there is some 'plausible' ground for jurisdiction . . ., the court should enforce the subpoena." *Id.*; *see also McLane Co. v. EEOC*, 581 U.S. 72, 77 (2017) (stating a

2                                                                    24-3260

subpoena may not be "too indefinite, issued for an illegitimate purpose, or unduly burdensome" (citation modified)).[1] We review the district court's decision for abuse of discretion. *See Exxon*, 943 F.3d at 1287. We affirm.

1. Amazon argues the subpoena was improper because the information it sought, travel reimbursements for supervisors, was exempt from reporting under Section 203(e) of the LMRDA, which exempts "expenditures made to any regular officer, supervisor, or employee of an employer as compensation for service as a regular officer, supervisor, or employee of such employer." 29 U.S.C. § 433(e).

Whatever the precise contours of Section 203(e), the statute's plain text makes clear that the mere fact that these individuals were Amazon supervisors is not alone sufficient to establish that the payments made to them were exempt. For the exemption to apply, it is not enough that the "expenditures" be "made to any regular officer, supervisor, or employee." 29 U.S.C. § 433(e). Rather, the payments must also constitute "compensation," and that compensation must be for services rendered "as a regular officer, supervisor, or employee." *Id*. The district court correctly concluded that the information sought by the subpoena was relevant to OLMS's investigation of whether the payments fell within this exemption. *See Exxon*, 943 F.3d at 1287 ("The relevance requirement is not especially

---

[1]     We are unpersuaded by Amazon's argument that a more probing review is justified because of potential constitutional issues.  *Cf. FEC v. Machinists Non-Partisan Political League*, 655 F.2d 380 (D.C. Cir. 1981).

constraining, but is instead generously construed to afford the agency access to virtually any material that might cast light on the matter under investigation." (citation modified)); *Fed. Express,* 558 F.3d at 848 ("[A] party may not defeat agency authority to investigate with a claim that could be a defense if the agency subsequently decides to bring an action against it." (citation omitted)).

2. Amazon argues OLMS's subpoena constitutes an unprecedented attempt to expand the scope of the LMRDA and thus violates the Administrative Procedure Act. This argument fails because Amazon cannot show that OLMS has adopted a new interpretation of the statute. OLMS has consistently taken the position that reporting payments made to supervisors is mandated in at least some circumstances. *See* OLMS Interpretive Manual §§ 254.100, 256.100 (Feb. 2022) (stating that "section 203(e) applies only to expenditures made for services which are performed by employees in the regular and ordinary course of their employment" and providing examples of payments made to employees that are reportable). By investigating whether the payments at issue here are reportable under this standard, OLMS has not thereby adopted a new interpretation of the LMRDA.

3. Amazon argues that issuance of the subpoena constitutes an improper attempt to circumvent the LMRDA's enforcement provisions, and accordingly, the subpoena was issued for an improper purpose. According to Amazon, if OLMS

wishes to obtain this information, it must do so through an enforcement action alleging a violation of the LMRDA's reporting requirements, rather than through its investigative subpoena power.

The LMRDA contains a broad grant of investigatory power to OLMS that, by its terms, includes the power to subpoena information that otherwise must be reported under the LMRDA. *See* 29 U.S.C. § 521(a)–(b). The statute expressly prohibits investigations into the violation of certain portions of the LMRDA but does not limit investigations into violations of the reporting requirements at issue here. *See id.* If Congress intended to prohibit subpoenas investigating violations of the reporting requirements, as Amazon contends, it clearly knew how to do so.

Similarly, the agency's refusal to accept Amazon's stipulation does not demonstrate an improper purpose. It was not an abuse of discretion for the district court to conclude that "Amazon's compromise offer" was "an inadequate ground on which to narrow or limit the subpoena" because the stipulation would "unreasonably limit[]" OLMS's ability to evaluate whether a statutory violation occurred. OLMS is not required to accept Amazon's characterization of the facts but instead has the authority to obtain documents to ensure the law is not being violated. *See United States v. Morton Salt Co*., 338 U.S. 632, 641–43 (1950); 29 U.S.C. § 521.

**AFFIRMED.**